UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EDWARD MAGGIORE,

               Petitioner,                       MEMORANDUM
                                                          AND ORDER

              -against-

                                                            06 CV 2627 (JG)

UNITED STATES OF AMERICA,

               Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOHN GLEESON, United States District Judge:

        Petitioner Edward Maggiore was involved in the gang-related murder of Thomas Pallazotto on July 11, 1999. He entered into a cooperation agreement with the government, pursuant to which he pled guilty to murder in aid of racketeering, in violation of 18 U.S.C. § 1959, on September 10, 2001. He testified pursuant to that agreement against Angel D'Angelo in March 2003.

        Maggiore committed perjury at that trial. He did so in tandem with two other witnesses; all were motivated by a desire to get D'Angelo convicted, so they could receive leniency at sentencing in return for their cooperation. Their joint and several perjury, reprehensible under any circumstances, was rendered more so by the fact that D'Angelo might well have been actually innocent. I set forth the sordid details of Maggiore's "cooperation" in *United States v. D'Angelo,* No. 02 CR 399(JG), 2004 WL 315237 (E.D.N.Y. Feb. 18, 2004), familiarly with which is assumed.

        The government withdrew its substantial assistance motion after acknowledging Maggiore's perjury, and Maggiore was sentenced to life in prison for his role in the murder of Pallazotto, as required by § 1959(a)(1).

        Maggiore petitions for relief under 28 U.S.C. § 2255, alleging ineffective

assistance of counsel. His sole claim: once the government withdrew its substantial assistance motion, counsel should have moved to withdraw Maggiore's plea of guilty. The basis for that argument: Maggiore pled guilty to "depraved indifference" murder, but at sentencing -- and based on a critical fact that Maggiore had withheld when he testified -- I observed that the complete facts supported a finding under U.S.S.G. § 2A1.1 of intentional murder. Though that finding was academic, as Maggiore faced a statutorily mandated life sentence in either event, it has become the fulcrum of the petition before me.

Maggiore's plea of guilty to depraved indifference murder was amply supported by the facts adduced at his allocution. He does not contend otherwise. Once he botched his chance for a substantial assistance motion by committing perjury at D'Angelo's trial, Maggiore's plea of guilty to depraved indifference homicide compelled a life sentence.

That one of the many facets of Maggiore's false testimony (*i.e.*, his concealment of Albert Alvarado's directive to shoot Pallazotto) warranted a finding of premeditated, intentional murder would not have entitled Maggiore to a withdrawal of his guilty plea. The motion contemplated by current counsel would have gone as follows: (a) Maggiore admitted to murdering Pallazotto by engaging in conduct evincing a depraved indifference to Pallazotto's life (*i.e.*, driving up to him, knowing a fellow gang member was armed and having "reckless disregard of the risk Pallazotto would be shot and killed," A. 37); (b) in fact, the murder was more deliberate than that, because Maggiore (in his effort to frame D'Angelo) withheld the fact that Albert Alvarado told Maggiore to shoot Pallazotto; (c) Maggiore got caught in that lie and many others; (d) the government thereupon withdrew its substantial assistance motion; and (e) therefore, since Maggiore is in fact an intentional murderer and perjurer, rather than the depraved

2

indifference murderer he pled guilty to being, just cause exists to allow him to withdraw his plea of guilty to depraved indifference murder.

Counsel for Maggiore wisely refrained from making such a frivolous motion. The petition is denied. No certificate of appealability will issue.

So ordered.


John Gleeson
United States District Judge

Dated: February 8, 2007
      Brooklyn, New York